IN THE SUPREME 
COURT OF TEXAS
 
════════════
No. 
09-0613
════════════
 
Turtle Healthcare Group, 
L.L.C.
d/b/a Fred’s Pharmacy, 
Petitioners,
 
v.
 
Yolanda Higuera Linan Individually and as 
the Natural Parent of Maria Yolanda Linan and Gerardo 
Linan, Individually, and as Representatives of the 
Estate of Maria Yolanda Linan, Deceased, 
Respondents
 
════════════════════════════════════════════════════
On Petition for Review from 
the
Court of Appeals for the 
Thirteenth District of Texas
════════════════════════════════════════════════════
 
 
PER CURIAM
 
 
            
At issue in this appeal is whether claims based on the failure of a ventilator 
can be brought both as claims subject to the Texas Medical Liability Act (TMLA) 
and claims not subject to the TMLA.  We hold that under the record 
presented, they cannot; all the claims are subject to the TMLA and must be 
dismissed because no expert report was served.
            
Turtle Healthcare Group supplied a ventilator to Maria Linan.  A respiratory therapist from Turtle made 
regular visits to ensure the ventilator was operating properly.  In July 
2005, Maria’s mother and caretaker, Yolanda Linan, 
contacted Turtle and requested an oxygen tank and two additional external 
ventilator batteries because of an impending hurricane.  Turtle delivered 
the oxygen tank and one battery.  The next day the hurricane arrived and 
the Linans’ power went out around 7:00 a.m.  The 
ventilator continued to function after the electricity went out, but around 
9:30 a.m. Maria’s family found that the ventilator was not operating and 
Maria had died.
            
Yolanda and Maria’s brother, Gerardo, individually and as representative of 
Maria’s estate (collectively, the Linans), filed suit 
against Turtle, alleging that Maria died as a result of the equipment 
failure.  They asserted that Turtle was negligent “in the operation and/or 
maintenance of the . . . ventilator and/or its components and accessories” and 
that Turtle was negligent in delivering a defective ventilator, battery, and 
battery boxes.  They specified that Turtle failed to exercise ordinary care 
by:
[1.] failing to timely provide 
functional equipment to its customers;
[2.] failing to warn of the 
defect or defects described above;
[3.] committing errors during 
the assembly phase including the warnings or parameters of use;
[4.] failing to install 
adequate safety warning devices and/or advises [sic];
[5.] using and installing 
warning devices which failed in use;
[6.] failing to make adequate 
safety tests or checks prior to and/or after sale or leasing of its 
equipment;
[7.] failing to exercise 
reasonable care in repairing or replacing component parts of the subject 
ventilator, oxygen tank and/or battery;
[8.] failing to maintain equipment in functional and usable 
condition.
            
Turtle filed a motion to dismiss on the grounds that the Linans’ claims were healthcare liability claims and the 
Linans had not filed an expert report.  
See Tex. Civ. Prac. & Rem. 
Code § 74.351(a), (b) (requiring a trial court to dismiss a health 
care liability claim if an expert report has not been served within 120 days of 
filing suit).  The Linans asserted that their 
claims were governed by a standard of ordinary care and were claims for common 
law negligence.  The trial court determined that the Linans’ claims were not health care liability claims and 
denied Turtle’s motion to dismiss.  Turtle filed this interlocutory 
appeal.  See id. § 51.004 (a)(9).
            
The court of appeals concluded
To the extent that the Linans’ 
allegations involve acts or omissions beyond the alleged failure to provide 
properly charged batteries—such as their claims involving Turtle’s provision of 
the ventilator and its alleged failure to provide warnings and to properly 
maintain the ventilator—those claims clearly involve acts or omissions that are 
“inseparable” from the rendition of medical services . . . [and] are barred due 
to the Linans’ failure to serve an expert 
report.
 
___ S.W.3d 
___.  
However, the court further held that the Linans’ 
claims alleging Turtle was negligent by failing to provide functioning, charged 
batteries were not health care liability claims.  Id.  The 
court noted that it was within the common knowledge of the general public that 
functioning, charged batteries are required for electronic equipment and 
expertise in the medical field would contribute nothing to a determination of 
whether failure to provide such batteries was negligence.  Id. at ___.
            
Turtle filed a petition for review; the Linans did 
not.  Turtle asserts that the court of appeals was correct insofar as it 
held that some of the Linans’ claims were health care 
liability claims, but the court wrongly divided the Linans’ “battery claims” from their “non-battery 
claims.”  The Linans respond to Turtle’s 
assertions by urging that their claims are based on Turtle’s failure to send 
home-use equipment to a third party for servicing, failure to charge the 
ventilator batteries, and failure to train its employees on equipment 
checks.  They maintain that such claims do not fall within the definition 
of a health care liability claim.  We agree with Turtle.
            
Pursuant to the TMLA, a claimant in a health care liability claim must serve an 
expert report within 120 days after filing a claim.  Tex. Civ. Prac. & Rem. 
Code § 74.351(a).  
A health care liability claim is one “against a health care provider or 
physician for treatment, lack of treatment, or other claimed departure from 
accepted standards of medical care, or health care, or safety or professional or 
administrative services directly related to health care, which proximately 
results in injury to or death of a claimant.”  Id. § 74.001(a)(13).  A health care provider for purposes of the TMLA 
includes “any person, partnership, professional association, corporation, 
facility, or institution duly licensed, certified, registered, or chartered by 
the State of Texas to provide health care.”  Id. 
§ 74.001(a)(12)(A).  The Linans do not challenge Turtle’s status as a health care 
provider.
            
We recently addressed a similar situation in regard to whether the same 
underlying facts can give rise to both health care liability claims and ordinary 
negligence claims.  See Yamada v. Friend, ___ S.W.3d ___, ___ (Tex. 
2010).  In Yamada, Laura and Luther Friend sued Dr. Yamada after 
their daughter collapsed at a water park and later died from a heart 
condition.  Id. at ___.  Dr. Yamada 
filed an interlocutory appeal after the trial court denied his motion to dismiss 
for the Friends’ failure to file an expert report.  Id.  The 
court of appeals noted that the Friends’ claims were based on Dr. Yamada’s 
failure to properly provide advice and recommendations to the owner of the water 
park about its safety practices, including the placement and maintenance of 
automatic external defibrillators.  The court held that the Friends’ 
pleadings stated both claims for negligence based on an emergency physicians’ 
standard of care and claims for ordinary negligence.  Id.
            
We held that all the Friends’ claims must be 
dismissed.  Id.  We noted that permitting a claimant to 
maintain both health care liability claims and different types of claims based 
on the same underlying factual scenario “‘would open the door to splicing health 
care liability claims into a multitude of other causes of action with standards 
of care, damages, and procedures contrary to the Legislature’s explicit 
requirements.  It is well settled that such artful pleading and recasting 
of claims is not permitted.’”  Id. (quoting Diversicare Gen. Partner, Inc. v. Rubio, 185 
S.W.3d 842, 854 (Tex. 2005)).  We recognized that it would almost always be 
possible to parse out particular actions or omissions involved in a health care 
liability claim and allege that some of those actions or omissions breached 
ordinary standards of care.  But permitting the same underlying facts to 
give rise to both types of claims would effectively negate the procedures and 
limitations of the TMLA.  Id.
            
In this case the substance of the Linans’ claims are that Turtle failed to provide 
Maria with a properly functioning ventilator.  The court of appeals 
concluded that although the Linans alleged health care 
liability claims, the allegations that Turtle failed to provide functioning, 
properly charged batteries did not comprise health care liability claims.  
___ S.W.3d at ___.  The court stated that the 
Linans’ “battery” claims were based on allegations of 
negligence “involving activities that are wholly separable from the provision of 
health care.”  See id.  We disagree.
            
The court of appeals recognized that many of the Linans’ allegations would “fall under both the ‘battery 
claim’ category and the ‘non-battery’ claim category.”  ___ S.W.3d at ___ 
n.3 (stating that the court would not “attempt to delineate” which of the Linans’ claims were battery and which were 
non-battery).  But all the Linans’ claims are 
based on the same underlying facts and the Linans’ 
pleadings are essentially that Maria’s death was caused by Turtle’s negligence 
in the “operation and/or maintenance of the . . . ventilator and/or its 
components and accessories.”
            
Although the Linans do not affirmatively agree with 
the court of appeals’ holding that some of their claims are health care 
liability claims as did the Friends in Yamada, the difference does not 
require a different outcome.  The Linans did not 
file a petition for review challenging that portion of the court of appeals’ 
judgment dismissing part of their claims because they were health care liability 
claims.  Therefore, that part of the court of appeals’ judgment is not 
before us.  See Tex. R. App. 
P. 53.1 (“A party who seeks to alter the court of appeals’ judgment must 
file a petition for review.”); Brooks v. Northglen 
Ass’n, 141 S.W.3d 158, 171 (Tex. 2004) (noting 
that although the respondent challenged a portion of the trial court’s judgment, 
the Court could not reach the issue because the respondent did not petition the 
Court for review on that point).  And as did the unchallenged court of 
appeals’ holding in Yamada, the court of appeals’ unchallenged holding 
here requires dismissal of all the Linans’ 
claims.
            
Accordingly, without hearing oral argument, Tex. R. App. P. 59.1, we reverse the court 
of appeals’ judgment to the extent it affirmed the trial court’s order denying 
Turtle’s motion to dismiss and affirm that part of the judgment reversing the 
trial court’s order.  Turtle requested attorney’s fees and costs in the 
trial court under provisions of Texas Civil Practice and Remedies Code section 
74.351(b)(1), so we remand the case to the trial court with directions that it 
dismiss of all the Linans’ claims against Turtle and 
consider Turtle’s request for attorney’s fees and costs.
 
OPINION DELIVERED:  February 25, 
2011